BELL, Sheriff, Appellant,
*against*
DARIUS CHIPMAN, Appellee.

ABATEMENT.  This was a plea in abatement to the writ.

First. For that the writ was served and returned by *J. W.* as a person especially deputized, when in fact the said *J. W.* is not legally deputized and authorized to serve and return the same.

Secondly. That the said *J. W.* is not a meet and proper person to be deputized to serve and return any process.

Demurrer.

It appeared that the writ was a summons to the defendant to appear, &c.  The deputation was made by the Clerk of *Rutland* County Court, who signed the writ, and was *within* the writ in the words following :

*State of Vermont.*

*Rutland*, ss.  To the high bailiff of the County of *Rutland*, or his deputy, or, for want of such officers seasonably to be had, to *J. W.* junior, late of *Pawlet*, now of *Rutland*, in the County of *Rutland*, to serve and return according to law.

*Chipman*, for the defendant, read part of the 24th section of the judiciary act—" And every writ and process, issued as aforesaid, shall be directed to the sheriff, his deputy, or some constable of the town where the service is to be made ; except where both sheriff and constable are parties, or interested ; in which case the writ or process may be directed to,

*The Court will not abate a writ of summons directed to and served by a deputized person, because the authority signing it omits tomention particularly all such known officers as might legally serve it if seasonably to be had.*

*Vermont Stat. vol. 1. p. 61.*

and the service made by, the high bailiff, or any disinterested constable within the County, who shall be therein named. And in case no such sheriff, deputy-sheriff, or other officer as aforesaid, can be seasonably had, the writ or process may, by the authority issuing the same, be directed to an indifferent person, being named;" and insisted, that where the authority signing a writ deputizes an indifferent person, the deputation should, on the face of it, show his power to deputize, or it is void. The Clerk of the County Court, in this instance, had no power to deputize, excepting where the high bailiff and his deputies, *and the constable of the town where the service was to be made*, could not seasonably be had. The Clerk has deputized *J. W.* to serve and return the writ, in case *such officers*, to wit, the high bailiff and his deputy, could not seasonably be had, but has omitted to direct the writ to be served by the constable of *Rutland*, and therefore the deputation is illegal, for the high bailiff and his deputies might not seasonably be had, in which case, by the terms of the deputation, *J. W.* might serve and return the writ; but the service would be illegal, if the constable might be seasonably had to do it.

Mr. *Chipman* said, he should not press the second exception in abatement, as it appeared to have been inserted by the defendant in the plea, in a moment of irritation, to which the most philosophic minds are subject, when he imagined himself insulted by having process served upon him by a very indigent person, and perhaps through poverty not so fashionably attired as those with whom the defendant was accustomed to associate.

*Curia.* The question is, whether a deputation to serve and return a writ *of summons* in civil process under the 24th section of the judiciary act be illegal, if the authority signing it omits to mention particularly all such known officers as might legally serve it if seasonably to be had.

The Court distinguish between a writ of summons and a writ of attachment, where the person may be arrested, or the property taken. The Court would not countenance a resort to deputized persons to serve writs of attachment, excepting in cases of great necessity, and those clearly within the letter of the statute, and where both the deputation and the service clearly comport with its provisions. But where the process is by mere summons, and no possible injury can be shown from the service having been made by a deputized person rather than by a known officer, the Court will not quash a process for a mere technical omission in the clerk signing the writ.

The legislative will respecting clerical defects, has been fully expressed by our statute of jeofails; and this Court have ever discountenanced exceptions to mere clerical errors. They wish to emulate the character given to the *English* Judges in the reign of *George* II. by Serjeant *Wilson*, in the case of *Murray* v. *Wilson*. When speaking upon the subject of pleading, he says, " Our learned Judges in these later and happier days, have rather been *astuti* to do justice than to find out little slips in pleading."

Judgment of Court, that the writ does not abate.

*Cephas Smith,* junior, for the plaintiff.
*Daniel Chipman,* for defendant.